IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Andre Boone, #328364, )<br>　　　　　　　　　　　　　　) <br>　　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　)<br>　　　v.　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>Warden Cartledge, Asso. Warden )<br>Mauney, Mrs. Buttrey, Assoc. Director )<br>Michael McCall, and Ms. Ogunsile, )<br>　　　　　　　　　　　　　　)<br>　　　　　　　Defendants. )<br>　　　　　　　　　　　　　　) | Civil Action No.2:13-cv-1588-JFA-WWD<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

　　The Plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Defendants' Motion for Summary Judgment. (Dkt. No. 48.)

　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

　　The Plaintiff brought this action on or about June 6, 2013; Plaintiff amended his Complaint on or about November 20, 2013. (Dkt. No. 1; Dkt. No. 33.) On January 20, 2014, Defendants filed a Motion for Summary Judgment. (Dkt. No. 48.) By order filed January 21, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 49.) Plaintiff filed his Response in Opposition on or about February 18, 2014. (Dkt. No. 52.)

## PROCEDURAL FACTS

　　Plaintiff, who is confined at Perry Correctional Institution ("Perry" or "PCI") of the South Carolina Department of Corrections ("SCDC"), alleges claims pursuant to 42 U.S.C. § 1983. In his Amended Complaint, Plaintiff alleges that he was denied due process when

Associate Director Michael McCall transferred Plaintiff from general population at Lee Correctional Institution ("Lee" or "LCI") to Perry where "where all [Plaintiff's] property was confiscated and privileges were revoked." (Dkt. No. 33 at 1 of 3.) Plaintiff alleges he was housed in the Special Management Unit ("SMU") of Perry from November 9, 2012, to January 4, 2013, "without any disciplinary detention time, pending charges, investigation notice, or hearing." (Id.) Plaintiff states that he was given a hearing on January 4, 2013, but "57 days housed on SMU without a hearing is not considered a 'reasonable time' and therefore [his] due process" rights were violated. (Id.) Plaintiff further asserts that his due process rights were violated when Defendants Carteldge, Mauney, and Ogunsile "made the decision" to classify Plaintiff "as a security threat based solely on 'hearsay' information." (Id.) It appears that Plaintiff is currently assigned to administrative segregation and is in the SMU. (Dkt. No. 33 at 2 of 4.)

Plaintiff also complains about the conditions in the SMU, alleging he is only allowed three showers per week "that can be taken away for any frivolous reasons" and that he "is forced to make 3 small bars of soap last a month (30) days." (Id.) Plaintiff asserts, *inter alia*, that he is only allowed to clean his cell once a week, and that he is "almost never allowed outdoor rec." (Id.) Plaintiff alleges he is allowed no access to "outside world media," such as magazines, and that he is forced to "breathe in dust from the dirty air-vent, toxic fumes when the dorm is being painted, the roof being fixed with tar and gas/mace when a fellow inmate acts out and is sprayed . . . ." (Id.)

Finally, Plaintiff alleges that on August 12, 2013, an inmate two rooms down went into Crisis Intervention, meaning the light had to stay on in that inmate's cell for 24 hours a day. (Dkt. No. 33 at 3 of 4.) Because Perry's SMU "has 4 rooms connected to one light switch," Plaintiff asserts that he "was forced to have [his] light on also for 24 hours a day," causing him to have "severe headaches, eye problems[,] and psychological injury that [he]

now receive[s] medication for." (Id.) Plaintiff additionally complains about being forced to wear "two pair of handcuffs, a belly chain and shackles" during a visit by his mother and brother," causing him "emotional injury." (Id.)

Plaintiff seeks monetary damages and injunctive relief. (Dkt. No. 33 at 4 of 4.)

## APPLICABLE LAW

**Summary Judgment Motion Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

Due Process

As noted above, Defendants seek summary judgment in the instant case. They first assert they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies. (See Dkt. No. 48; Dkt. No. 48-1 at 1-2 of 7.) The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §

3

1997e(a). Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) (exhaustion required even though the plaintiff claimed he was afraid); see also Claybrooks v. Newsome, 18 F. App'x 243 (4th Cir. Sept. 18, 2001) (applying Booth v. Churner to affirm the district court's denial of relief to the plaintiff).

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). "[W]hen prison officials prevent inmates from using the administrative process . . . , the process that exists on paper becomes unavailable in reality." Zander v. Lappin, 415 F. App'x 491, 492 (4th Cir. Mar. 10, 2011) (quoting Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)). The district court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." Id. (quoting Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)).

Defendants presented the Affidavit of Ann Hallman, Chief of the Inmate Grievance Branch at SCDC, along with their Motion for Summary Judgment. (See Dkt. No. 48-3.) Ms. Hallman states that Plaintiff submitted Grievance Number PCI-255-13, concerning his placement on security detention (SD) status, on or about February 3, 2013. (See Hallman Aff. ¶ 3.) Hallman further states,

> Warden Larry Cartledge responded to Plaintiff's grievance and advised Plaintiff that he was placed on SD status due to being considered a threat to the staff and security of the institution. Plaintiff was advised that his custody status will continue to be reviewed every thirty (30) days.

(Id.) According to Hallman, "Plaintiff did not file a Step 2 Grievance on PCI-255-13." (Id. ¶ 4.)

Although Plaintiff filed a Response in Opposition to the Motion for Summary Judgment, Plaintiff did not submit any affidavits, declarations, or exhibits with his Response. (See Dkt. No. 52.) Plaintiff states that he "is still in the process of obtaining discovery material . . . needed to create a genuine issue of material fact." (Id. at 1 of 2.) Plaintiff contends that he "is seeking numerous affidavits from officers that currently work at Lee C.I." that, according to Plaintiff "would prove that the Plaintiff was never involved in any gang activities." (Id.) Plaintiff also states that he is seeking an affidavit from Perry's former Head Classification Member, who was also a member of the Inmate Classification Committee Board at the time Plaintiff was placed on SD status. (Id.) He further contends that he is seeking discovery material from Defendant McCall, who appeared in the case shortly before Plaintiff filed his Response. (Id. at 2 of 2.) Finally, Plaintiff asserts that his right to access the court has been violated because the SMU at Perry has been on a quarantine since January 28, 2014, "due to 'flu-like' symptoms," and he "was not allowed to go to the law library computer to do research, nor was [he] supplied with law books or material to do the necessary law work." (Id.) He cites to Rule 56(f) of the Federal Rules of Civil Procedure and asks the Court to deny Defendants' motion or "order a 'continuance.'" (Id.)

Although Plaintiff cites to Rule 56(f), presumably Plaintiff intended to reference Rule 56(d) of the Federal Rules of Civil Procedure. See McCray v. Md. Dep't of Transp., 741 F.3d 480, 484 n.2 (4th Cir. 2014) ("The language of Rule 56(d) appeared in Rule 56(f) before amendments in 2010, but these amendments made no substantial change to the rule."). Rule 56(d) provides,

> (d) **When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;

5

>   (2) allow time to obtain affidavits or declarations or to take discovery; or
>
>   (3) issue any other appropriate order.

FED. R. CIV. P. 56(d). This provision of the Federal Rules "mandates that summary judgment be denied when the nonmovant 'has not had the opportunity to discover information that is essential to his opposition.'" Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014) (quoting Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006)). "Non-movants must generally file an affidavit or declaration before they can succeed on a 56(d) motion, or if not, non-movants must generally put the district court on notice as to which specific facts are yet to be discovered." McCray, 741 F.3d at 484 (citing Nader v. Blair, 549 F.3d 953, 961 (4th Cir. 2008)). The Fourth Circuit "has long held that parties wishing to obtain additional discovery must 'specifically allege why the information sought would have been sufficient to create a genuine issue of material fact such that it would have defeated summary judgment.'" Works v. Colvin, 519 F. App'x 176, 183 (4th Cir. 2013) (quoting Strag v. Bd. of Trustees, 55 F.3d 943, 954 (4th Cir. 1995)). "[N]onmovants do not qualify for Rule 56(d) protection where they had the opportunity to discovery evidence but chose not to." McCray, 741 F.3d at 784 (citing Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 246 (4th Cir. 2002)).

The undersigned concludes Plaintiff is not entitled to the protection of Rule 56(d). Plaintiff describes evidence he seeks regarding his SD status, but nowhere does Plaintiff mention evidence needed regarding exhaustion of administrative remedies. Disputes about Plaintiff's custody level do not present a genuine issue of material fact regarding whether Plaintiff exhausted his administrative remedies. Furthermore, Plaintiff filed the instant action over one year ago, and Plaintiff certainly had the opportunity to conduct discovery. In fact, on or about November 20, 2013, Plaintiff filed a Motion to Compel; Judge Hendricks denied that motion on December 13, 2013. (See Dkt. No. 40; see also Dkt. No. 35.) In addition,

Plaintiff filed his Response in Opposition to the Motion for Summary Judgment on or about February 18, 2014, more than four months ago, and there is no indication that Plaintiff sought additional discovery after filing his Response. (See Dkt. No. 52.)

Defendants presented evidence that Plaintiff failed to exhaust his administrative remedies–at least with respect to his classification claim–and Plaintiff has not presented evidence sufficient to create a genuine issue of material fact. Accordingly, the undersigned recommends granting summary judgment to Defendants on this claim. See Woodford v. Ngo, 548 U.S. 81, 90 (2006) (holding that exhaustion "means using all steps that the agency holds out, and doing so properly"); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (affirming district court's dismissal of complaint for failure to exhaust administrative remedies, and rejecting the appellant's argument that he was not required to appeal the denial of his grievance because the appeal would not be heard, given the grievance was untimely); Plummer v. Goodwin, Civ. A. No. 8:07-2741-TLW-BHH, 2010 WL 419927, at *5 (D.S.C. Jan. 29, 2010) ("Here, while the Plaintiff did file a Step 1 grievance regarding his medical care, he failed to go beyond Step 1 and appeal the denial of his grievance. Because he did not pursue the claim beyond the first level, the Plaintiff failed to exhaust the administrative remedies available to him at the SCDC."); Taylor v. Myers, Civ. A. No. 8:08-2072-HMH-BHH, 2009 WL 3602033, at *3 (D.S.C. Oct. 27, 2009) ("Only after completing both Steps 1 and 2 in the SCDC grievance process has an inmate properly exhausted a claim under § 1983.").

Eighth Amendment Claims

To the extent Plaintiff attempts to assert claims for violations of the Eighth Amendment, the undersigned recommends granting summary judgment to Defendants. The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia,

428 U.S. 153, 173 (1976)). Under this Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), overruled on other grounds by Bell v. Wolfish, 441 U.S. 520 (1979). Even so, the Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981); see also Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) ("[T]he ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity. Accordingly, only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim.").

In order to state an Eighth Amendment violation with respect to prison conditions, a prisoner must show: "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991) (citing Rhodes, 452 U.S. at 347; Wilson v. Seiter, 501 U.S. 294 (1991)); Shakka, 71 F.3d at 166. To establish the subjective component of a conditions-of-confinement claim, a prisoner must show that prison officials acted with deliberate indifference–that is, the prisoner must show the officials acted with more than mere negligence but less then malice. See Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996); see also Farmer v. Brennan, 511 U.S. 825, 835-37 (1994). For the objective component of a conditions-of-confinement claim, the prisoner must demonstrate an extreme deprivation of his rights. See Williams v. Branker, 462 F. App'x 348, 353 (4th Cir. 2012) (citing Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997)).

The conditions of confinement of which Plaintiff complains do not rise to the level of an Eighth Amendment violation. In In re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d 464 (4th Cir. 1999), the prisoners alleged, *inter alia*, that they were "confined to their cells for twenty-three hours per day without radio or

television, that they receive[d] only five hours of exercise per week, and that they [could] not participate in prison work, school, or study programs." Five Percenters, 174 F.3d at 471. The Fourth Circuit rejected their Eighth Amendment claim, stating, "These conditions are indeed restrictive, but the restrictive nature of high-security incarceration alone does not constitute cruel and unusual punishment." Id. Similarly, Plaintiff's complaints related to the conditions of confinement on S.D. status do not rise to the level of cruel and unusual punishment. See id. at 472 ("[T]he isolation inherent in administrative segregation or maximum custody is not itself constitutionally objectionable."); Burrell v. Sowers, C.A. No. PJM-09-1038, 2012 WL 628506, at *9-11 (D. Md. Feb. 24, 2012) (rejecting claim of cruel and unusual punishment alleged as a result of confinement in the SMU); Wilson v. Ozmint, C.A. No. 3:10-cv-2887-RMG, 2011 WL 1336391, at *1 (D.S.C. Apr. 7, 2011) (rejecting claim for violation of Eighth Amendment based on placement in disciplinary confinement for forty-five days); Sanders v. Van Doran, Civ. A. No. 8:08-3546-PMD, 2009 WL 82498, at *4 (D.S.C. Jan. 9, 2009) (dismissing action where the plaintiff complained, *inter alia*, that he was forced to wear shackles during visitation).

Furthermore, to the extent Plaintiff complains that he was subjected to "cruel and unusual punishment" because, for a period of thirty days, the light in his cell was on for 24 hours a day, such a claim fails. (See Dkt. No. 33 at 3 of 4.) Plaintiff alleges that on August 12, 2013, an inmate two rooms down went into Crisis Intervention, meaning the light had to stay on in that inmate's cell for 24 hours a day. (Id.) Because Perry's SMU "has 4 rooms connected to one light switch," Plaintiff asserts that he "was forced to have [his] light on also for 24 hours a day," for a period of thirty days, causing him to have "severe headaches, eye problems[,] and psychological injury that [he] now receive[s] medication for." (Id.) Although inadequate lighting may state a claim for violation of the Eighth Amendment, see Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985), Plaintiff's allegations fail to rise to the level

9

of deliberate indifference. As a preliminary matter, Plaintiff has not alleged that any of the Defendants were aware of the temporary lighting situation of which Plaintiff now complains. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."); Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (in a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations."). In addition, Plaintiff's own allegations reveal that the lighting was temporary and in response to having to place an inmate in a cell close to Plaintiff's on Crisis Intervention. Plaintiff's claim therefore fails. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (holding "that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); see also Brice v. Va. Beach Corr. Ctr., 58 F.3d 101, 105 (4th Cir. 1995). The undersigned recommends granting summary judgment to Defendants on Plaintiff's claims for violations of the Eighth Amendment.

## CONCLUSION

It is therefore RECOMMENDED, for the foregoing reasons, that Defendants' Motion for Summary Judgment (Dkt. No. 48) be GRANTED.

IT IS SO RECOMMENDED.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

July  9 , 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).