IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre Boone, )<br>)<br>             Plaintiff, )<br>)<br>v. )<br>)<br>Warden Cartledge, Associate Warden )<br>Mauney; Mrs. Buttrey; Associate Director )<br>Michael McCall; and Ms. Ogunsile, )<br>)<br>            Defendants. )<br>)<br>_____ ) | C/A No.: 2:13-1588-JFA-WWD<br><br><br>ORDER |

The *pro se* plaintiff, Andre Boone, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 contending that he was denied due process when he was transferred from Lee Correctional Institution to the Special Management Unit at Perry Correctional Institution.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation wherein she suggests that this court should grant the defendants' motion

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

for summary judgment[2] because the plaintiff has failed to exhaust his administrative remedies  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The parties were advised of their right to file objections to the Report and Recommendation which was docketed on July 9, 2014. The plaintiff has responded noting that he "will not be appealing the judges decision." He also states his wish "to remove the 350 dollar I was charged with on July 9, 2014. I was told that I would be only charged 350 dollars once not twice. So I am asking the courts to remove the 350 dollars fee I was charged with on 7-9-14 for an appeal/objection that I'm not filing."

The court has construed plaintiff's response as a notice that he will not be objecting to the Report. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As for the additional fee for an appeal, such amount has not been charged to the plaintiff. Only the original $350 filing fee on July 9, 2013 will be deducted from the plaintiff's prisoner trust account (ECF No. 8).

The Magistrate Judge properly concludes in his Report that prisoners must exhaust their administrative remedies *prior to* filing a § 1983 suit in federal court. *See* 42 U.S.C.

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

§ 1997e(a), *Booth v. Churner*, 532 U.S. 731, 741 (2001); and *Porter v. Nussle*, 534 U.S. 516 (2002).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court adopts the Magistrate Judge's recommendation and incorporates the Report herein by reference. Accordingly, the defendants' motion for summary judgment (ECF No. 48) is granted.

IT IS SO ORDERED.

July 23, 2014                                 Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge